## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **PETER JAMES BRUSH,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | )     **Case No. CIV-07-1196-HE** |
| | ) |
| **HASKELL HIGGINS, Warden,**[1] | ) |
| | ) |
| **Respondent.** | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from his state court convictions.  United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  The petition was promptly examined in accordance with Rule 4 of the Rules Governing Section 2254 Cases.  For the following reasons, it is recommended that the petition be dismissed upon filing as untimely.

By this action, Petitioner challenges his convictions following a jury trial for driving under the influence after former conviction (Count 1), possession of a controlled dangerous substance after former conviction (Count 2), attempted escape from a lawful arrest (Count 3), and possession of drug paraphernalia (Count 4), for which he was sentenced on November 10, 2003, to a five - year term of imprisonment on Count 1, 15

---

[1] Petitioner named the State of Oklahoma as the respondent to this action.  The proper respondent in a § 2254 proceeding is the state officer with custody of the petitioner.  Rule 2, Rules Governing Section 2254 Proceedings.  As Petitioner currently is confined at the Howard McLeod Correctional Center ("HMCC"), the state officer with custody over him is HMCC's Warden, Haskell Higgins.  Accordingly, Warden Higgins is substituted as Respondent in place of the State of Oklahoma.

years on Count 2, 30 days on Count 3, and one year on Count 4, all to run consecutively.[2] Case No. CF-2003-106, District Court of Custer County; Petition, p. 2,[3] Brief in Support, pp. 1-2.  On direct appeal, the Oklahoma Court of Criminal Appeals affirmed Petitioner's convictions and sentences in an opinion issued on August 17, 2004.  Case No. F-2003-1272, Oklahoma Court of Criminal Appeals, Docket; Petition, p. 3; Brief in Support, p. 2.  Petitioner did not seek certiorari in the United States Supreme Court.  Petition, p. 3.

On May 27, 2005, Petitioner filed an application for state post-conviction relief in the trial court.  Petition,  p. 4; Brief in Support, p. 2, Ex. 3.  While awaiting the trial court's ruling on the post-conviction application, Petitioner, on August 25, 2005, asked the Oklahoma Court of Criminal Appeals to issue a writ of mandamus compelling the trial court to act upon the application.  Case No. MA-2005-821, Oklahoma Court of Criminal Appeals, Docket; Petition, p. 4; Brief in Support, p. 2, Ex. 2.   Before the Oklahoma Court of Criminal Appeals acted upon the mandamus application, the trial court denied Petitioner's post-conviction application on September 6, 2005.  Petition, p. 4; Brief in Support, p. 2, Ex. 3.

---

[2] Oklahoma Department of Corrections Internet records show that Petitioner is currently confined pursuant to his 15-year sentence for possession of a controlled and dangerous substance and that he began serving this sentence on November 25, 2003.  The records also show that after he completes that sentence, he will begin serving his five-year driving under the influence sentence.  The records contain no information concerning what portions, if any, of Petitioner's 30-day attempted escape sentence and one-year possession of paraphernalia sentence have been completed, and Petitioner has provided none.  If Petitioner has already completed the sentences for his attempted escape and possession of paraphernalia convictions, he is no longer "in custody" pursuant to those convictions and the Court lacks jurisdiction to entertain a collateral attack upon them.  See Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam) (holding that a habeas petitioner does not "remain[] 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted.").

[3] The page numbers are the pre-printed page numbers in the top right hand corner of the form petition.  Page 2 is thus actually the first page of the petition.

Thereafter, on October 21, 2005, Petitioner filed an application for post-conviction relief in the Oklahoma Court of Criminal Appeals which the Court treated as an attempt to appeal the trial court's order denying his post-conviction application.  Case No. PC-2005-1035, Oklahoma Court of Criminal Appeals, Docket; Brief in Support, p. 2, Ex. 4. One week later, in Petitioner's pending mandamus action, the Oklahoma Court of Criminal Appeals directed the trial court either to rule upon Petitioner's post-conviction application or, if the application had already been considered, to provide a copy of the order ruling upon the application.  Brief in Support, Ex. 2.  On November 1, 2005, in response to this order, the trial court provided the Oklahoma Court of Criminal Appeals with a certified copy of the September 6, 2005, order denying Petitioner's application for post-conviction relief.  Accordingly, Petitioner's mandamus action was dismissed as moot on November 8, 2005.  Id. at Ex. 3.

Likewise, on November 18, 2005, the Oklahoma Court of Criminal Appeals dismissed the post-conviction application that Petitioner filed to appeal the trial court's order denying his post-conviction application.  The Court cited Petitioner's failure to comply with Rules 5.2(C)(1) and (2) of the Rules of the Oklahoma Court of Criminal Appeals, which require an appellant to provide the Oklahoma Court of Criminal Appeals with a certified copy of the district court's order denying relief, and failure to timely perfect the appeal as its reasons for the dismissal.  Brief in Support, pp. 2-3, Ex. 4.

Then on December 27, 2005, Petitioner filed an application for an out-of-time appeal which the trial court denied on December 30.  Brief in Support, p. 2, Ex. 5. Petitioner appealed this denial to the Oklahoma Court of Criminal Appeals as well, and

the decision was affirmed on April 10, 2006.  <u>Id.</u> at 3, Ex. 6.  Thereafter, Petitioner initiated several mandamus actions in the Oklahoma Court of Criminal Appeals which appear to have been attempts to obtain an out-of-time appeal of the trial court's September 6, 2005, order denying post-conviction relief.  Case Nos. MA-2006-702, MA-2006-1020, MA-2006-1332, Oklahoma Court of Criminal Appeals, Dockets; Brief in Support, pp. 2-3, Exs. 7-9.  The Court declined to assume jurisdiction on two of the petitions and denied relief on the third.  The instant § 2254 petition was filed on October 24, 2007.  Petition, p. 2.

Petitioner makes several arguments in his submissions, but he sets forth four grounds for habeas relief.  In those four grounds, Petitioner claims that trial and appellate counsel rendered ineffective assistance.  <u>Id.</u> at 6-7, 9, 11; Brief in Support, pp. 10-14. Additionally, in his supporting brief, Petitioner contends that he is "actually and factually" innocent of his possession of a controlled and dangerous substance conviction, Brief in Support, pp. 4-6 (emphasis omitted), and he alleges that he was denied due process in connection with his state post-conviction proceedings.  <u>Id.</u> at 13, 16.

## I.    SCREENING REQUIREMENT

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."  Rule 4, Rules Governing Section 2254 Cases. "[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."  <u>Day v. McDonough</u>, 547 U.S. 198, 209 (2006); <u>accord</u> <u>Alva v. Teen Help</u>, 469 F.3d 946, 956 (10th Cir. 2006).  When raising the issue sua

sponte, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits" of the petition or by dismissing the petition as time barred.  Day, 547 U.S. at 210 (quotation omitted); Thomas v. Ulibarri, No. 06-2195, 2007 WL 259695, at *1 n.1 (10th Cir. Jan. 31, 2007).[4]

An initial review of the petition reveals that it is untimely filed and should be dismissed upon filing.

## II.     AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitations period governing the claims of habeas petitioners in state custody.  Rhine v. Boone, 182 F.3d 1153, 1154 (10th Cir. 1999).  The one-year limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[4] This and any other unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

28 U.S.C. § 2244(d)(1)(A)-(D).  Unless a petitioner alleges facts implicating subsections (B), (C), or (D), the limitations period generally begins to run from the date on which the judgment became final.  See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner has  not alleged anything to suggest that subsections (B), (C), or (D) may apply to the petition, so its timeliness will be evaluated from the date Petitioner's convictions became final by the expiration of the time for seeking direct review.

As noted, Petitioner was sentenced on November 10, 2003, and the Oklahoma Court of Criminal Appeals affirmed his convictions and sentences on August 17, 2004. Petitioner did not seek certiorari from the Supreme Court, so his convictions became final for limitations purposes 90 days later on November, 15, 2004, after the time period to file a petition for certiorari expired.  See 28 U.S.C. § 2101; see also Sup. Ct. R. 13; Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).  Therefore, the one-year limitations period began to run on November 16, 2004, and absent tolling, expired on November 16, 2005. See Haws v. Jorgensen, No. 05-4141, 219 Fed. Appx. 781, 783 (10th Cir. March 14, 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004." (footnote omitted) (citing United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003)).[5]  The petition was filed October

---

[5] Though it has no bearing on the outcome in this case, there has been some inconsistency in the Circuit as to whether the statute of limitations begins to run on the date the conviction becomes final or the following day.  Compare Hurst, 322 F.3d at 1261-62 ("[T]he one-year period of limitations . . . commenced on the day after expiration of the time for petitioning for certiorari, or May 18, 1999 . . . [and] ended on May 18, 2000 . . . .") and Haws, 219 Fed. Appx. at 783, with Fleming v. Evans, 481 F.3d 1249, 1255 (10th Cir. 2007) (noting that petitioner's conviction became final on December 31, 2001 and the statute of limitations expired on December 31, 2002) and Malone v. Oklahoma, Nos. 03-6246, 03-6175, 100 Fed. Appx. 795, 796 (10th Cir. June 8, 2004) (noting that because petitioner's "conviction became final on June 28, 1999 . . . [Petitioner] had one year from the date his conviction became final, until June 28, 2000, to file a federal habeas petition.").

24, 2007, several years after the limitations period expired.  Petition, p. 2.  Thus, absent
statutory or equitable tolling, it is untimely.

### A.    Statutory Tolling

The AEDPA limitations period is tolled while "a *properly filed* application for State
post-conviction or other collateral review with respect to the pertinent judgment or claim
is pending . . . ."  28 U.S.C. § 2244(d)(2) (emphasis supplied).  "[A]n application is
'*properly* filed' when its delivery and acceptance are in compliance with the applicable
laws and rules governing filings. These usually prescribe, for example, the form of the
document, the time limits upon its delivery, the court and office in which it must be
lodged, and the requisite filing fee." Burger v. Scott, 317 F.3d 1133, 1139 (10th Cir. 2003)
(citing Artuz v. Bennett, 531 U.S. 4, 8 (2000)).   State procedural law is applied to
determine whether an application for state post-conviction relief is "properly filed."
Garcia v. Shanks, 351 F.3d 468, 471 (10th Cir. 2003).

There is no question that Petitioner's application for state post-conviction relief
was "properly filed" in the trial court.  Therefore, that application tolled the running of
the limitations period for 102 days from May 27, 2005, when Petitioner filed the
application in the trial court through September 6, 2005, when it was denied.  The
limitations period was also tolled  for an additional 30 days from September 6, 2005, to
October 6, 2005, during the time when Petitioner could have, but did not, perfect an
appeal from the trial court's order.  See Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir.
2000) ("[R]egardless of whether a petitioner actually appeals a denial of a post-conviction

application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." (italics in original)).

However, Petitioner is not entitled to statutory tolling for the time he spent attempting to appeal the trial court's order denying post-conviction relief by filing an application for post-conviction relief in the Oklahoma Court of Criminal Appeals.  As to that filing, the Oklahoma Court of Criminal Appeals determined:

> In the pleadings filed in this Court, Petitioner has not provided a copy of the District Court's order denying the relief he seeks.  *See* Rule 5.2(C)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18. App. (2005).  Because Petitioner has failed to present this Court with a certified copy of an order from the District Court denying relief, he has failed to properly invoke the jurisdiction of this Court.

Brief in Support, Ex. 4.  The Court additionally noted that the appeal was procedurally barred because it was filed more than 30 days after the date of the order appealed and, was therefore, untimely.  Id.  Petitioner's failure to comply with the Oklahoma Court of Criminal Appeals' rules concerning the timing and contents of an appeal precludes finding that this was a "properly filed" application that tolled the limitations period.  See, e.g., Hoggro v. Boone, 150 F.3d 1223, 1227 n.4 (10th Cir. 1998) (noting that time during which petitioner appealed the denial of his state application for post-conviction relief did not toll the limitations period because the application was untimely and, thus, not properly filed); see also Williams v. Gibson, 237 F.3d 1267, 1269 (10th Cir. 2001).  Similarly, Petitioner is not entitled to any statutory tolling for the time he spent attempting to obtain an out-of-time appeal from the trial court's order denying his post-conviction application.  Brief in Support, Exs. 5-9; see, e.g., Pink v. McKune, No. 05-3033, 146 Fed. Appx. 264, 266 (10th Cir. Aug. 17, 2005) (concluding that limitations period was

8

not tolled while petitioner unsuccessfully attempted to obtain an out-of-time appeal from the denial of his post-conviction application and that it began to run after the expiration of his time to perfect an appeal from the denial), <u>cert. denied</u>, 546 U.S. 1079 (2005).

Giving Petitioner the benefit of 132 days of statutory tolling from November 16, 2005, to account for the time his post-conviction application was pending in the trial court and the time he could have appealed the order denying it, Petitioner's deadline to file a § 2254 petition was March 28, 2006.  Moreover, even if Petitioner was given the benefit of 104 days of tolling from December 27, 2005 through April 10, 2006, the time during which he unsuccessfully sought an out-of-time appeal, Petitioner's deadline to file a federal habeas petition would only be extended to July 10, 2006.  Accordingly, unless equitable tolling is appropriate here, the October 24, 2007, filing of the petition is untimely.

## B.    Equitable Tolling

The limitations period may be equitably tolled under circumstances where its application would possibly render the habeas remedy "inadequate and ineffective." <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998).  However, equitable tolling is limited to "rare and exceptional circumstances."  <u>Gibson</u>, 232 F.3d at 808.  To justify equitable tolling, a petitioner must diligently pursue his claims and "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control."  <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000).

Petitioner argues that the limitations period should be equitably tolled because he did not understand the purpose or effect of the Oklahoma Court of Criminal Appeals'

April 10, 2006, order dismissing his attempted appeal of the trial court's order denying his post-conviction application.  Petition, p 14.  He also contends that his failure to comply with Rule 5.2(C)(1) is a "mere technicality" and that his pro se status warrants equitable tolling of the statute of limitations.  Id.; Brief in Support, p. 3.   Neither Petitioner's pro se status nor his ignorance of the law and attendant failure to comply with procedural requirements justifies equitably tolling the limitations period.  See Marsh, 223 F.3d at 1220 (noting that "ignorance of the law," even for an incarcerated pro se prisoner generally does not warrant equitable tolling); see also Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992) (finding that pro se litigant "must follow the same rules of procedure that govern other litigants.").

Petitioner appended to the petition a copy of his Consolidated Record Card to demonstrate that shortly after he filed his post-conviction application in the trial court, he was transferred between HMCC and the Choctaw County Jail ("CCJ") three times before the trial court entered its order denying post-conviction relief and that he was confined at CCJ on September 6, 2005, when the application was denied.  Petition, Ex. 1.  This circumstance does not establish Petitioner's entitlement to equitable tolling because  Petitioner does not contend that he did not receive a copy of the trial court's order denying post-conviction relief as a result of these transfers.  In fact, he alleges that on September 6, 2005, he received a copy of the order denying his post-conviction application.  Brief In Support, p. 2.  Since the transfers did not interfere with Petitioner's

10

receipt of the trial court's order denying relief or his ability to timely appeal it, it does not warrant equitable tolling.[6]

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that the petition [Doc. No. 1] be dismissed upon filing as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 6, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). The Clerk of the Court is directed to electronically forward a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of Respondent at fhc.docket@oag. state.ok.us. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 16th day of November, 2007.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE

---

[6] Moreover, even if Petitioner had not received a copy of the trial court's order denying post-conviction relief in time to appeal it as a result of these transfers, that would not justify equitable tolling either because it is a litigant's responsibility to provide the court with a current address and equitable tolling is generally limited to circumstances beyond the petitioner's control. Marsh, 223 F.3d at 1220.